**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Tempe Hospitality Ventures, LLC,  )   No. CV-22-00647-PHX-SPL
                                  )
           Plaintiff,             )
                                  )   **ORDER**
vs.                               )
                                  )
Highgate Hotels, LP,              )
                                  )
           Defendant.             )
                                  )

      Before the Court is Plaintiff Tempe Hospitality Ventures, LLC's ("Plaintiff") Motion to Stay (the "Motion") (Doc. 22). Plaintiff requests a stay of this Court's August 4, 2022 Order (Doc. 17)—which dismissed this action and compelled the parties to arbitrate their dispute—until after the Ninth Circuit issues a ruling on Plaintiff's appeal of that same Order.[1] The Motion has been fully briefed and is ready for review. (Docs. 22, 23 & 24). For the following reasons, the Court grants the Motion.[2]

///

///

---

[1] "In the alternative, [Plaintiff] asks that the Court grant an interim motion to stay its order compelling arbitration pending the Ninth Circuit's decision on a separate, but substantively similar, motion to stay arbitration pending appeal that [Plaintiff] intends to immediately file should this Court deny the foregoing motion." (Doc. 22 at 1).

[2] Because it would not assist in resolution of the instant issues, the Court finds Plaintiff's Motion suitable for decision without oral argument. *See* LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

## I. BACKGROUND

In February 2020, Plaintiff entered into the "Hotel Management Agreement" (the "Agreement") with Defendant Highgate Hotels, L.P. ("Defendant"). (Doc. 1 at 2). Under the Agreement, Defendant agreed to operate, direct, manage, and supervise a Tempe, Arizona hotel owned by Plaintiff (the "Hotel" or "Property"). (*Id.*). Plaintiff alleges that Defendant violated the Agreement by intentionally mismanaging the Property. (*Id.* at 3, 5). On April 18, 2022, Plaintiff filed this action asserting four claims against Defendant: (i) breach of contract; (ii) breach of the covenant of good faith and fair dealing; (iii) breach of fiduciary duties; and (iv) a declaratory judgment that the Arbitration Provision of the parties' Agreement is unenforceable. (*Id.* at 7–10).

On May 10, 2022, Defendant filed a Motion to Dismiss and Compel Arbitration (Doc. 9). Defendant argued that the Agreement's arbitration provisions (found in Article 23, "Dispute Resolution") mandated that *any* dispute between the parties be resolved "through final and binding arbitration." (Doc. 9 at 4; Doc. 15-2 at 31). As a result, Defendant argued that this entire action be dismissed and resolved in arbitration. (Doc. 9 at 2). On August 4, 2022, this Court granted Defendant's Motion by dismissing this case and compelling the parties to arbitrate this entire dispute. (Doc. 17 at 6). On September 2, 2022, Plaintiff filed a Notice of Appeal to the Ninth Circuit. (Doc. 19). At issue on Plaintiff's Motion to Stay—the Motion presently before the Court—is to determine whether the parties' arbitration proceedings should be stayed until the Ninth Circuit has issued a final ruling on Plaintiff's appeal. (*See generally* Docs. 22, 23, & 24).

## II. LEGAL STANDARD

The Court has discretion to issue the stay requested by Plaintiff. *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In exercising its discretion, the Court must weigh four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*,

481 U.S. 770, 776 (1987)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34 (citations omitted).

"Whether the applicant has made a strong showing of likelihood of success on the merits and whether the applicant will be irreparably injured absent a stay are the 'most critical' factors." *Climaco v. Garland*, 856 Fed. Appx. 699, 702 (9th Cir. 2021) (citing *Nken*, 556 U.S. at 434)). "The Ninth Circuit [employs] a 'sliding scale' approach whereby 'the required degree of irreparable harm increases as the probability of success decreases.'" *Caremark LLC v. Choctaw Nation*, No. CV-21-01554-PHX-SMB, 2022 WL 1289302, at *2 (D. Ariz. Apr. 29, 2022) (quoting *Sanchez v. Att'y Gen. of Ariz.*, No. CV-17-00224-TUC-RM, 2021 WL 2105610, at *2 (D. Ariz. May 25, 2021)).

### III. DISCUSSION

Plaintiff argues that all four factors weigh in favor of staying the arbitration proceedings while Defendant contends that Plaintiff has failed to establish *any* of the factors in its favor. The Court will now address each of the four relevant factors.

### A. Likelihood of Success on the Merits of Appeal

To meet the first factor, Plaintiff "'need not demonstrate that it is more likely than not they will win on the merits,' but rather must show 'a reasonable probability' or 'fair prospect' of success." *Fed. Trade Comm'n v. Qualcomm Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 966–67 (9th Cir. 2011)). "Courts do not rigidly apply the success on the merits factor because a rigid application would require the district court 'to conclude that it was probably incorrect in its determination on the merits.'" *Divxnetworks, Inc. v. Gericom AG*, No. 04cv2537 WQH (WMc), 2007 WL 4538623, at *3 (S.D. Cal. Dec. 19, 2007) (quoting *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004)). "The success on the merits factor is satisfied when a tribunal has 'ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained.'" *Id.* (quoting *Himebaugh v. Smith*, 476 F. Supp. 502, 510 (C.D. Cal. 1978)).

Plaintiff's Complaint alleges that the arbitration clause of the parties' Agreement is

unconscionable and unenforceable, primarily because of its fee-shifting provision which requires Plaintiff to pay for the entire cost of the three-person arbitration tribunal *and* for Defendant's attorneys' fees and costs, regardless of who wins the arbitration. (Doc. 1 at 9–10). Defendant moved to dismiss the Complaint, requesting that this Court compel the parties to resolve the entire dispute—*including* questions relating to the arbitration clause's enforceability—at arbitration, (*see* Doc. 9), in accord with the arbitration clause which expressly states that "the Parties shall resolve *all disputes* that may arise in connection with this Agreement through final and binding arbitration." (Doc. 15-2 at 31 (emphasis added)). Thus, the issue in the August 4, 2022 Order was whether the Agreement permits *this Court* to rule on the validity and enforceability of its arbitration clause, or whether it delegated such questions of validity and enforceability to the arbitrator. The Court noted the parties' incorporation of the AAA rules into the Agreement, including Rule 7 which vests the arbitrator with "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement." (Doc. 17 at 4–5). The Court found that, under Ninth Circuit law, the parties' incorporation of the AAA rules into the Agreement constituted "clear and unmistakable evidence" that the parties agreed to delegate issues of arbitrability to the arbitrator. (*Id.* at 5). The Court ruled in Defendant's favor, dismissing the action and compelling arbitration. (Doc. 17 at 4–6).

Section 23.3.7 (the "Reservation Clause") provides that "[n]otwithstanding anything in this Article 23 to the contrary, the Parties shall have the right to commence litigation or other legal proceedings with respect to any Claims solely *relating to . . . enforcement* of the dispute resolution provisions of this Agreement." (Doc. 15-2 at 33 (emphasis added)). In the August 4, 2022 Order, the Court rejected Plaintiff's argument that this clause carved out an exception allowing enforceability questions to be addressed by a court. (Doc. 17 at 5). The Court relied on the plain meaning of the term *enforcement* and found that the Reservation Clause merely permits a court to address claims seeking "to compel compliance with" the Agreement, but *not* claims seeking to challenge or question the enforceability of the arbitration clause altogether. (*Id.*). In other words, the Court

4

distinguished claims seeking *enforcement* from claims challenging *enforceability* and found that only the former falls within the scope of the Reservation Clause's exception to the parties' delegation of arbitration. (*Id.*).

In the present Motion, Plaintiff argues that it has a likelihood of succeeding on appeal because this Court's interpretation of the Reservation Clause was too narrow and in conflict with Ninth Circuit law. (Doc. 22 at 7–10). Specifically, Plaintiff contends that this Court overlooked the significance of the words "relating to," a phrase which the Ninth Circuit has "long recognized" as having "a broadening effect." (*Id.* at 8 (citing *United States v. Hudson*, 986 F.3d 1206, 1213 (9th Cir. 2021)). Plaintiff explains that "[t]his broadening effect stems from the fact that 'the ordinary meaning of "relating to" is a broad one—to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'" (*Id.* (quotations and alterations omitted) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)). Applied here, Plaintiff argues that the words "relating to" must broaden the effect of the word "enforcement," such that the Reservation Clause should be read to permit court jurisdiction over claims "standing in some relation to" or "involving" the enforcement of the Agreement's arbitration provisions, which would include claims relating to the provisions' enforceability. (*Id.*).

At the least, Plaintiff argues that the Reservation Clause should have precluded a finding that Defendant had produced "clear and unmistakable evidence" that the parties intended to delegate threshold issues of enforceability. (*Id.* at 8–9). Plaintiff cites to *Cristales*, a case from this District in which the court held that an arbitration agreement's incorporation of the AAA rules failed to constitute "clear and unmistakable evidence" of intent to delegate because the agreement *also* adopted the USA&M rules. (*Id.* at 9 (citing *Cristales v. Scion Grp. LLC*, 478 F. Supp. 3d 845, 852–53 (D. Ariz. 2020)). As noted above, the AAA rules expressly delegate arbitrability to the arbitrator; under the USA&M rules, in contrast, it remains unsettled whether issues of arbitrability are delegated. *See Cristales*, 478 F. Supp. 3d at 853. Thus, the incorporation of *both* rules created an ambiguity on the

5

delegation question. *Id.* Plaintiff argues that the present case is similar because the parties' inclusion of the Reservation Clause—which, when read broadly, demonstrates an intention *not* to delegate, as noted above—at the very least creates ambiguity in the same manner as the USA&M rules did in *Cristales*. (Doc. 22 at 9).

The Court finds that Plaintiff has met its burden of showing at least a "reasonable probability" or "fair prospect" of success on its appeal. Although this Court stands by its own interpretation of the Reservation Clause, it recognizes that the Ninth Circuit—which reviews this Court's ruling *de novo*—may reasonably interpret the phrase "relating to . . . enforcement" more broadly to better align with its previous interpretations of the phrase "relating to." Moreover, even if the Ninth Circuit affirms this Court's interpretation of the Reservation Clause, the Ninth Circuit could also reasonably find that the clause's inclusion creates a level of ambiguity in the arbitration provisions sufficient to reverse this Court's finding of "clear and unmistakable evidence" and to instead fall back on the Federal Arbitration Act's presumption that threshold issues of arbitrability are for the Court to decide. Plaintiff has demonstrated that the first factor weighs in favor of staying the arbitration proceedings.

### B. Irreparable Harm

Turning to the second factor, Plaintiff "must demonstrate that irreparable harm is probable—as opposed to merely possible—if the stay is not granted; that is, irreparable harm must be 'the more probable or likely outcome.'" *United States v. Mitchell*, 971 F.3d 993, 996 (9th Cir. 2020) (quoting *Leiva-Perez*, 640 F.3d at 968); *see also Caremark LLC*, 2022 WL 1289302, at *2 (quoting *Al Otro Lado v. Wolf*, 952 F.3d 999, 1006–07 (9th Cir. 2020)) ("The minimum threshold showing for a stay pending appeal requires that irreparable injury is likely to occur during the period before the appeal is likely to be decided.").

Plaintiff argues that, if a stay is not issued, it will be forced to arbitrate a dispute that it did not agree to arbitrate in the first place. (Doc. 22 at 10–11). Plaintiff also argues that the arbitration could render its appeal to the Ninth Circuit moot. (*Id.* at 11). Finally, Plaintiff

argues that, if a stay is not issued, Plaintiff alone will be responsible—per the parties' Agreement—for *all* the fees and costs associated with the parties' arbitration, regardless of whether or not Plaintiff ultimately succeeds. (*Id.*). Plaintiff asserts that it is struggling financially and that it does not have the resources to cover such expenses which could amount to over $1 million. (*Id.*).

The Court finds that Plaintiff has sufficiently demonstrated that it would likely suffer irreparable harm in the absence of a stay. Although it remains to be seen how the Ninth Circuit will rule on the appeal, if this Court's Order is reversed, the parties' dispute concerning arbitrability would presumably fall within the purview of this Court rather than the arbitrator. Such a finding by the Ninth Circuit would be equivalent to a finding that Plaintiff never agreed to arbitrate arbitrability in the first place. Thus, to force Plaintiff to arbitrate the dispute at this time creates an almost certain risk of irreparable harm to Plaintiff if Plaintiff is indeed successful on appeal. *See Berthel Fisher & Co. Fin. Servs., Inc. v. Frandino*, No. CV–12–02165–PHX–NVW, 2013 WL 2036655, at *8 (D. Ariz. May 14, 2013) (listing cases) ("Plaintiff's time and resources expended for arbitration cannot be recovered . . . and 'many courts have held that forcing a party to arbitrate a dispute that it did not agree to arbitrate constitutes per se irreparable harm.'").

Moreover, although the parties are correct that monetary harm may not typically amount to irreparable harm, the monetary harms that would likely face Plaintiff in this case—if no stay is issued—are *particularly* significant because the Fee Provision of the parties' Agreement provides that Plaintiff is responsible for the attorneys' fees and costs for both parties *and* the costs of arbitration, *regardless of whether Plaintiff succeeds*. (*See* Doc. 15-2 at 32). The Court finds that such a one-sided Fee Provision supports Plaintiff's contention that the monetary harm in this case would be particularly significant and amount to irreparable harm, especially if it led to the end of Plaintiff's existence as a business. Indeed, the one-sided Fee Provision is at the very core of what Plaintiff is contesting. If the parties proceed with arbitration, the arbitration costs will mount on Plaintiff before Plaintiff has even had an opportunity to challenge the enforceability of the Fee Provision in the first

place. The Court finds that the second factor weighs in favor of granting a stay.

### C. Potential Injury to Defendant

Defendant argues that a stay of the arbitration proceedings would harm Defendant by depriving Defendant of certain bargained-for rights. (Doc. 23 at 14–15). First, Defendant contends that the parties agreed "that all of their disputes would be confidentially arbitrated pursuant to the AAA Rules" and that a stay of the arbitration proceedings deprives Defendant of that right. (*Id.* at 14). Of course, Plaintiff does not agree with this; after all, the entire purpose of Plaintiff's appeal to the Ninth Circuit is to prove that the parties did *not* agree to arbitrate a specific category of disputes—*i.e.*, those disputes concerning the enforceability of the arbitration provisions. If Defendant ultimately proves to be correct—and the Ninth Circuit upholds this Court's Order compelling arbitration on the issue of arbitrability—then the parties will proceed with arbitration and Defendant will have suffered no harm. If Defendant is incorrect—and the Ninth Circuit reverses this Court's Order and directs this Court to rule on arbitrability—then Defendant's contention that the parties agreed "that all of their disputes would be confidentially arbitrated pursuant to the AAA Rules" would not have been an accurate assertion in the first place.

Second, Defendant argues that a stay would deprive Defendant of its bargained-for right to *confidentially* arbitrate the parties' disputes, "as [Plaintiff] continues to make public filings airing its grievances." (*Id.*). The Court is not persuaded. Although the Court recognizes that Plaintiff may have deprived Defendant of its bargained-for confidentiality rights by filing this action in the first place, it is entirely unclear how Defendants' right to confidentiality would be further harmed by a stay of the arbitration proceedings.

Third, Defendant argues that a stay would deprive Defendant of its "rights under the ROFO/ROFR, if [Defendant] is not able to vindicate its rights and protect its real property interests during the pendency of this appeal (which could take years)." (*Id.* at 14–15). Again, the Court is unpersuaded. Defendant's assertion that Plaintiff may be attempting to sell the Hotel in violation of Plaintiff's ROFO/ROFR is pure speculation. The parties' dispute is in the process of being resolved, both before the Ninth Circuit and before the

Arbitration Panel. Any attempt by Plaintiff to sell the Hotel—or otherwise take any action which would "render[] uncollectable or unenforceable any award to which [Defendant] may be entitled" (*see id.* at 15)—during the pendency of this dispute can be dealt with at that time in the appropriate manner by the appropriate forum.

The Court concludes that a stay of the arbitration proceedings would not cause any injury to Defendant. The Ninth Circuit is simply reviewing this Court's decision to compel arbitration. If the Ninth Circuit affirms, the stay will be lifted and the parties will be permitted to freely proceed with arbitration. If the Ninth Circuit reverses, the parties' enforceability dispute would presumably be removed from arbitration and returned to this Court. In that event, a stay might actually prove *beneficial* to Defendant, as it would have saved Defendant time and resources that it would have otherwise expended during arbitration. Finally, Defendant's contention that Plaintiff's appeal to the Ninth Circuit may be "prolonged" or even "take years" is, again, nothing more than pure speculation. (*See id.* at 15). There is no reason to believe that the Ninth Circuit's ruling will take "years" to issue, particularly given that Plaintiff's appeal concerns just one or two discrete issues. The Court finds that the third factor weighs heavily in favor of staying the arbitration proceedings pending appeal.

**D. Public Interest**

As to the final factor, Plaintiff argues that the public has a strong interest in ensuring that arbitration provisions such as those at issue in this case are found to be unenforceable or unconscionable. (Doc. 22 at 12). Plaintiff argues that a stay of the arbitration proceedings would protect this public interest by ensuring that Plaintiff's appeal to the Ninth Circuit does not become moot, thereby allowing the Ninth Circuit—or this Court, on remand—to issue a ruling striking these unconscionable provisions. (*Id.*). In response, Defendant argues that the public has general interests in encouraging arbitration and in requiring contracting parties to honor their contractual obligations. (Doc. 23 at 15). Defendant contends that these interests would be promoted by a denial of Plaintiff's request for a stay because the parties would be permitted to continue their arbitration proceedings in accord with their

contractual agreement. (*Id.*).

The Court finds that this factor does not weigh heavily in either direction, as both parties assert valid, legally recognized public interests that are promoted by a ruling in their respective favors. That said, the public interests raised by Defendant are hardly harmed by the issuance of a stay. If the Ninth Circuit affirms what this Court has already decided—that arbitration of the parties' entire dispute is appropriate—then the stay will be lifted, arbitration will resume, and the public's interests in encouraging arbitration and in enforcing contractual obligations will be protected. Therefore, the Court finds that the fourth factor weighs slightly in favor of issuing a stay of the parties' arbitration proceedings pending appeal.

### IV.   CONCLUSION

The Court concludes that all four factors weigh in favor of granting Plaintiff's request for a stay. The parties' arbitration proceedings should be stayed until the Ninth Circuit has issued a final ruling on Plaintiff's appeal. A stay imposes little harm on Defendant, prevents any possibility of irreparable harm to Plaintiff, and ensures that the Ninth Circuit has the full opportunity to assess whether this Court was correct in compelling the parties to arbitration. If the Ninth Circuit affirms, the stay will be lifted and the parties will be freely permitted to continue arbitration proceedings where they left off.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Stay (Doc. 22) is **granted**. This Court's August 4, 2022 Order (Doc. 17) is **stayed** to the extent it compelled arbitration. This stay shall **remain in place** until a final ruling is issued in Plaintiff's appeal before the Ninth Circuit, No. 22-16330.

Dated this 20th day of April, 2023.

Honorable Steven P. Logan
United States District Judge